**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JOHN CHRISTOPHER BLAKENEY, #132918**                    **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 2:11cv75-KS-MTP**

**MARGARET BINGHAM**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* petition of John Christopher Blakeney for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned is of the opinion that Blakeney's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

PROCEDURAL HISTORY

On October 2, 2007, Petitioner John Christopher Blakeney was convicted of murder in the Circuit Court of Jones County, Mississippi and was sentenced to life imprisonment.[1] Blakeney filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the following grounds: 1) "Whether Blakeney's confession was coerced"; 2) "Whether a directed verdict was required"; and 3) "Whether the verdict is contrary to the weight of the evidence."[2] On July 21, 2009, the Mississippi Court of Appeals affirmed Blakeney's conviction and sentence in a written opinion. *See Blakeney v. State*, 29 So. 3d 46 (Miss. Ct. App. 2009), *reh'g denied* Dec. 1, 2009; *cert. denied* March 4, 2010. Ex. A to Answer [10-1].

---

[1] *See* State Court Record ("SCR"), Vol. 2 of 5 [11-2] at 14-16. The page numbers of the SCR cited to herein refer to those assigned by this court, and not the state court.

Blakeney was convicted of the murder of Willie Kitchens; he was also indicted for the murder of Willie's wife, Anita, but the jury was deadlocked and a mistrial was declared on that charge. *See Blakeney v. State*, 29 So. 3d 46, 47 (Miss. Ct. App. 2009); SCR, Vol. 1 [11-1] at 9-11; Vol. 2 [11-2] at 14-16.

[2] *See* SCR, Briefs and Other Pleadings [11-6].

Blakeney subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. Ex. B to Answer [10-2]. The Supreme Court also denied Blakeney's motion for rehearing. Ex. C to Answer [10-3]. Blakeney did not file a motion for post-conviction relief in state court.

Blakeney filed the instant petition [1] for writ of habeas corpus on or about March 24, 2011, asserting the following ground for relief (as summarized by the court): Blakeney's confession was involuntary based on numerous alleged constitutional violations.[3]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject,[4] specifies that exhaustion of a claim in state court is required for a federal court to consider the claim: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ." 28 U.S.C. § 2254(b)(1)(A).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan,* 526 U.S. at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

---

[3]*See* Petition [1-1] at 1-3. In addition, as Blakeney has made references in his petition to the sufficiency of the evidence, the court will address this issue as well. *See infra*, pp. 10-12.

[4]*See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

Blakeney has satisfied the exhaustion requirement for the ground raised in his federal petition by first giving state courts the opportunity to resolve any constitutional issues. His claim was "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits,[5] the federal court reviews mixed questions of law and fact under subsection (d)(1). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Since the ground raised in Blakeney's federal petition involves mixed questions of law and fact, this court's authority to grant habeas relief on his claim is limited to a determination of whether the decision of the Mississippi Supreme Court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Whether the applicable law is clearly established for purposes of a Section 2254(d)(1) analysis is determined solely by reference to Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A decision by any other court "even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." *Salazar v. Dretke,* 419 F.3d 384, 399 (5th Cir. 2005).

The "unreasonable application" inquiry is based on an objective standard, and for purposes of a Section 2254(d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). The application of clearly-established precedent must be both incorrect and unreasonable for federal habeas relief to be warranted. *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable,"[6] but it is to review

---

[5] "On the merits" refers to substantive, rather than procedural, disposition of the case. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

[6] *Neal,* 286 F.3d at 244 (citing *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).

only the state court's ultimate conclusion and not the reasoning that was used to reach it. *Neal,* 286 F.3d at 246.

It is by these principles and against the backdrop of exhaustion requirements and substantive determinations that Blakeney's petition must be viewed–with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986). As discussed below, Blakeney cannot clear the bar to federal habeas review by bringing his claim within the narrow exception set forth in 28 U.S.C. § 2254(d)(1).

### *Whether Blakeney's Confession Was Voluntary*

In Ground One of his petition, Blakeney states the following: "Unconstitutionality of Law Enforcement's 'Dream Confession' Methodological Practices, to Wit: . . . ." Petition [1-1] at 1. As summarized by the court, Blakeney essentially claims his confession was involuntary based on the following reasons: a) law enforcement officers violated Blakeney's due process rights by failing to record his *Miranda* warning and custodial interrogation during an extradition transfer by police vehicle; b) law enforcement officers' statements (such as "you don't need to talk to a lawyer or doctor, you need to talk with us", "you don't get a lawyer until grand jury indictment months from now") coupled with the deprivation of a phone call, prescription medication, adequate food, and a comfortable living environment violated his constitutional rights; c) the state supreme court erred in failing to give full and fair hearing to his writ of certiorari; d) the state appellate court erred in affirming Blakeney's conviction and sentence; and e) the trial court erred in failing to suppress the two recorded interviews and "dream confession," failing to grant his motion for JNOV, and failing to "positively rule on the lack of sufficiency of evidence sans 'Dream Confession.'" *Id*. at 1-2.

The Supreme Court has set forth the analysis to be undertaken in determining whether a defendant has knowingly and voluntarily waived his *Miranda* rights:

> [T]he determination whether statements obtained during custodial interrogation are admissible against the accused is to be made upon an inquiry into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel.

*Fare v. Michael C.*, 442 U.S. 707, 724-25 (1979), *reh'g denied*, 444 U.S. 887 (1979) (citing *Miranda v. Arizona*, 384 U.S. 436, 475-77 (1966)). "[T]he prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." *Lego v. Twomey*, 404 U.S. 477, 489 (1972). "Of course, the States are free, pursuant to their own law, to adopt a higher standard." *Id.*

"A confession is voluntary if, under the totality of the circumstances, the statement is the product of the accused's free and rational choice." *United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir. 1993) (internal citations and quotations omitted). "A confession is voluntary in the absence of official overreaching, in the form either of direct coercion or subtle forms of psychological persuasion." *United States v. Rojas-Martinez*, 968 F.2d 415, 418 (5th Cir. 1992).

The trial court conducted a suppression hearing where the trial judge heard testimony from the three interviewing officers, Lieutenant Darrell Perkins, Matt Ishee, and James Grimes, and from Blakeney.[7] Following the testimony at the hearing, the trial judge stated his consideration of the interviewing officers' conduct and statements to Blakeney, the *Miranda* rights read to Blakeney, Blakeney's mental state, Blakeney's references to an attorney, and the allegations of threats and offers of leniency during the interviews.[8] The court denied Blakeney's motion to suppress the video recorded statements taken on July 12 and 13, 2006, finding that the State met its

---

[7] *See* SCR [11-3] at 10-83.
[8] *Id.* at 80-83.

burden of proof beyond a reasonable doubt that the statements were knowingly given, and freely and voluntarily given without threat or reward or promise of reward.[9]

Blakeney raised the issue of whether his confession was coerced on direct appeal, and the Mississippi Court of Appeals rejected it on its merits. In considering the voluntariness of Blakeney's confession, the Mississippi Court of Appeals first considered whether he was denied his right to counsel. The appellate court noted:

> Blakeney was interrogated twice and informed each time by law enforcement of the right to counsel and the right to remain silent pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). He was also read his *Miranda* rights when he was picked up in Louisiana. Blakeney agreed to talk to law enforcement and signed a waiver of rights.

*Blakeney*, 29 So. 3d at 50.

> At the suppression hearing, Blakeney testified that he requested an attorney before the interview started, but he was told by Officer Perkins that he was not entitled to an attorney until after he was indicted. Blakeney also argues that the investigators repeatedly discouraged him from requesting an attorney by making statements such as, "I'll be here with ya, ... I ain't gonna let nothing happen to ya," and "if you need somebody to lean on I'll be there." The State called Officer Perkins, Deputy Ishee, and Deputy Grimes to testify at the suppression hearing. All three testified that Blakeney showed no sign of intoxication or inability to understand his rights when he was in their custody. Officer Perkins testified that he made no threats or promises to Blakeney. He also testified that he did not tell Blakeney that he could not have an attorney before he was indicted. Officer Perkins admitted to telling Blakeney that he would not let anything happen to him, but he testified that he meant he would not let Blakeney be physically harmed.

*Id.* at 50-51.

The Mississippi Court of Appeals held that

After reviewing the testimony from the suppression hearing, we find that Blakeney's statements—"I need to talk to somebody."; "I don't know if I need a lawyer or not."; and "Do I have the right to stop talking?"—were at best ambiguous requests for an attorney. We also find that the investigators did not overstep constitutional parameters in following up on these statements with further questions regarding this statement. . . .

---

[9] *Id.*; *see also* SCR [11-1] at 151.

6

> When Blakeney made the statement, "I don't know if I need an attorney or not," Officer Perkins reminded him that he could ask for an attorney and the interview would be terminated. Blakeney responded, "We'll talk." The investigators repeatedly told Blakeney throughout both interviews that he could stop talking and call an attorney. The investigators also told Blakeney several times that they could not advise him whether or not he needed an attorney. As for Blakeney's assertion that Officer Perkins told him he could not have an attorney until after he was indicted, we find that even if taken as true, this was clarified at the beginning of the first interview when Blakeney signed the waiver of rights. Therefore, we find that the trial court did not err in finding that Blakeney did not invoke his right to counsel. This issue is without merit.

*Id.* at 51.

This court finds that the record supports the state courts' findings that Blakeney was not denied his right to counsel. Blakeney was read his *Miranda* rights after he was picked up in Louisiana, and was again read his *Miranda* rights on video prior to each interview on July 12 and 13, and signed two waiver of rights forms.[10] The interviewing officers testified that Blakeney did not appear to be under the influence of any drugs or alcohol or to be mentally unstable, and knowingly and voluntarily waived his rights.[11] Finally, the record reflects that Blakeney never unambiguously requested an attorney during either of the recorded interviews.[12] The testimony reflects that Blakeney stated he did not know whether he needed an attorney or not, and later said "I don't," and after being reminded of his right to counsel he responded, "we'll talk."[13]

The Mississippi Court of Appeals next considered whether Blakeney's confession was coerced. The court acknowledged Blakeney's testimony at the suppression hearing that he was coerced and manipulated into confessing because he was intimidated by the officers, that he was refused medical care, that he was told by investigators that he could get the death penalty, and that

---

[10] *See* SCR [11-3] at 13-22, 38; SCR [11-1] at 44-45, 101-02.
[11] *See* SCR [11-3] at 13-22, 35, 39, 61-62.
[12] Blakeney claims he requested a lawyer prior to the two recorded interviews. The officers deny this claim and testified he never requested a lawyer. *See* SCR [11-3] at 42, 45, 61, 65-66.
[13] *See* SCR [11-3] at 22-29, 32-33, 61, 65-66; SCR [11-1] at 44-45, 101-02.

they offered him leniency if he cooperated.[14] The court further considered the officers' testimony that they did not threaten Blakeney or make any promise of leniency. The court held,

> Giving deference to the trial court's ruling at the suppression hearing, we find that the trial court did not err in denying Blakeney's motion to suppress his confession. We find that the proof established beyond a reasonable doubt that: Blakeney was given his *Miranda* rights; he understood his rights; he freely signed a waiver of his rights; and he freely, voluntarily, knowingly, and intelligently waived his constitutional rights without any threats, promises, or coercion by the investigators. Therefore, we find that this issue is without merit.

*Blakeney*, 29 So. 3d at 52.

As stated above, the trial court is required to consider the totality of the circumstances to decide whether a statement should be suppressed. *Fare*, 442 U.S. 707 at 724-25; *Restrepo*, 994 F.2d at 183. Although the phrase "totality of the circumstances" was not quoted, the record reflects that the trial court and the court of appeals carefully considered the totality of the circumstances in denying the motion to suppress and affirming same.[15] The court finds that the state courts' decisions regarding Blakeney's confessions are not contrary to, or an unreasonable application of, clearly established federal law.

---

[14] The court noted Officer Perkins's statements to Blakeney regarding the death penalty:

> There's two counts of charges of murder on Wanda and they're gonna upgrade them to Capital Murder. And there's two charges of counts of murder on Chris Blakeney and they are going to upgrade them to Capital Murder. Capital Murder is bad. You can sit on death row for years. Or you can have two consecutive life sentences. Or if the DA feels it [he] can reduce it or jack it up. What ever [sic][he] want[s] to do.

*Blakeney*, 29 So. 3d at 51 (brackets in original). The court further noted,

> The investigators also told Blakeney that it was in his best interest to talk and that if they could show the judge that Blakeney was willing to talk to them it would help him out. The investigators also offered him smokeless tobacco when he asked for it, which Blakeney argues was a ploy to make him confess.

*Id.* at 51-52.

[15] *See* SCR [11-3] at 80-83; *Blakeney*, 29 So. 3d at 50-52.

8

Moreover, "while the ultimate issue of voluntariness [of a confession] is a legal question requiring independent factual determination, subsidiary factual questions ... are entitled to the § 2254(d) presumption." *Gachot v. Stalder*, 298 F.3d 414, 418 (5th Cir. 2002) (ellipses in original) (citation omitted). "With regard to questions of fact, § 2254(e)(1) requires federal courts to presume that the factual findings of the state courts are correct unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" *Hopkins v. Cockrell*, 325 F.3d 579, 583 (5th Cir. 2003), *cert. denied*, 540 U.S. 968 (2003) (brackets in original); *see also Pruett v. Thigpen*, 665 F. Supp. 1254, 1268 (N.D. Miss. 1986), *aff'd*, 805 F.2d 1032 (5th Cir. 1986) (where both the trial and appellate courts found confessions voluntary, stating that "[a] state court's finding that a defendant's confession was voluntary precludes federal habeas relief unless it can be found that the state record did not fairly support the finding of voluntariness.") (citations omitted).

The state court record supports the state courts' findings that Blakeney's confession was voluntary. As previously stated, Blakeney was read his *Miranda* rights a total of three times, and signed two waiver of rights forms, one before each recorded interview.[16] The interviewing officers testified that Blakeney did not appear to be under the influence of any drugs or alcohol or to be mentally unstable, and knowingly and voluntarily waived his rights.[17] The interviewing officers denied coercing Blakeney or offering specific promises of leniency, and the record reflects that Blakeney stated during his interviews that no promises were made to him and he had not been coerced in any way.[18] Finally, the record does not support Blakeney's claim that he was denied his right to counsel.[19] Blakeney has failed to produce clear and convincing evidence to overcome the presumption of correctness accorded to the state courts' findings that his confession was not

---

[16] *See* SCR [11-3] at 13-22, 38; SCR [11-1] at 44-45, 101-02.
[17] *See* SCR [11-3] at 13-22, 35, 39, 61-62.
[18] *See* SCR [11-3] at 16, 20, 39-40, 63, 70-71; SCR [11-1] at 45, 102, 139-40.
[19] *See* SCR [11-3] at 22-29, 32-33, 42, 45, 61, 65-66; SCR [11-1] at 44-45, 101-02.

coerced. Accordingly, this issue is without merit.

*Sufficiency of the Evidence*

Although not raised as a separate ground, Blakeney makes passing reference in his petition that the trial court erred in denying his motion for a JNOV.[20] Neither side briefed the issue. Blakeney did not raise this ground on direct appeal and did not file a motion for post-conviction collateral relief in state court. Rather, Blakeney claimed on direct appeal that the trial court erred in denying his motion for directed verdict and that the verdict is contrary to the weight of the evidence.[21] Thus, the issue that the trial court erred in denying his motion for a JNOV has arguably not been properly exhausted. However, because the court of appeals did consider the evidence against Blakeney, this court will address the issue out of an abundance of caution.

A challenge to the "weight" of the evidence is not a constitutional claim, and thus is not a ground for habeas relief. *See Griffin v. Kelly*, No. CIVA 405CV161-TSL-LRA, 2007 WL 2344955, at *5 (S.D. Miss. July 23, 2007) (Report and Recommendation, adopted by Order dated Aug. 14, 2007) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)); *Vaughn v. King*, No. 2:06CV213-M-A, 2007 WL 2012297, at *3 (N.D. Miss. July 6, 2007) (citing *Young*, 760 F.2d at 1105). Accordingly, Blakeney is not entitled to habeas relief on his challenge to the weight of the evidence.

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see*

---

[20] *See* Petition "Insert" [1-1] at 2.
[21] *See* SCR, Briefs and Other Pleadings [11-6] at 39.

*also Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).[22] This standard of review allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted). Thus, it "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury . . . ." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992) (quoting *Gibralter Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988)).

Moreover, the determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("Where a state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference.") (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985)); *Gibson v. Collins*, 947 F.2d 780, 782 (5th Cir. 1991) (stating that on habeas review, federal court must "give great weight to the state court's determination") (citing *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987)).

Blakeney was convicted of the murder of Willie Kitchens. Murder is defined as "[t]he killing of a human being without the authority of law by any means or in any manner . . . [w]hen done with deliberate design to effect the death of the person killed, or of any human being . . . ." Miss. Code Ann. § 97–3–19(1)(a) (Rev. 2006). The testimony and evidence presented at trial were discussed in detail by the Mississippi Court of Appeals. *See Blakeney v. State*, 29 So. 3d 46,

---

[22] This standard of review is applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy*, 201 F.3d at 589 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)).

11

52-53 (Miss. Ct. App. 2009).[23] Blakeney has presented this court with nothing in his petition or subsequent pleadings that would overcome the deference this court must afford to the state court's decision. Nor is the court, upon its independent review of the record, able to conclude that the evidence, when viewed in the light most favorable to the state, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193 (internal citation and citation omitted). Accordingly, habeas relief on this ground must be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the relief sought in Blakeney's Petition for Writ of Habeas Corpus be denied and that the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[23] The court of appeals considered whether the trial court erred in denying Blakeney's motion for a directed verdict, or in the alternative, a new trial. *Id*. "In reviewing the denial of a motion for a directed verdict, 'all of the evidence on behalf of the [S]tate must be taken as true, together with any reasonable inferences, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled.'" *Id*. (quoting *Gibson v. State,* 503 So. 2d 230, 232 (Miss. 1987)). The court concluded that

> Blakeney's arguments presented a factual dispute for the jury to resolve. As we have consistently held, the jury is charged with the responsibility of resolving factual disputes. *Brown v. State,* 934 So. 2d 1039, 1044(¶ 18) (Miss. Ct. App. 2006). Furthermore, we cannot find that the jury's verdict was so contrary to the overwhelming weight of the evidence as to amount to an unconscionable injustice. Also, taking the evidence in the light most favorable to the State, we find that the trial court did not err in denying Blakeney's motion for a directed verdict.

*Blakeney*, 29 So. 3d at 53.

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 5th day of April, 2013.

s/ Michael T. Parker  
United States Magistrate Judge