IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN CHRISTOPHER BLAKENEY, #132918                    PETITIONER

V.                                        CIVIL ACTION NO. 2:11cv75-KS-MTP

MARGARET BINGHAM                                       RESPONDENT

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE

BEFORE THE COURT is the *pro se* petition of John Christopher Blakeney for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned is of the opinion that Blakeney's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

### I. PROCEDURAL HISTORY

On October 2, 2007, Petitioner John Christopher Blakeney was convicted of murder in the Circuit Court of Jones County, Mississippi and was sentenced to life imprisonment.[1] Blakeney filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the following grounds: 1) "Whether Blakeney's confession was coerced"; 2) "Whether a directed verdict was required"; and 3) "Whether the verdict is contrary to the weight of the evidence."[2] On July 21, 2009, the Mississippi Court of Appeals affirmed Blakeney's conviction

---

[1] *See* State Court Record ("SCR"), Vol. 2 of 5 [11-2] at 14-16. The page numbers of the SCR cited to herein refer to those assigned by this court, and not the state court.

Blakeney was convicted of the murder of Willie Kitchens; he was also indicted for the murder of Willie's wife, Anita, but the jury was deadlocked and a mistrial was declared on that charge. *See Blakeney v. State*, 29 So. 3d 46, 47 (Miss. Ct. App. 2009); SCR, Vol. 1 [11-1] at 9-11; Vol. 2 [11-2] at 14-16.

[2] *See* SCR, Briefs and Other Pleadings [11-6].

and sentence in a written opinion. *See Blakeney v. State*, 29 So. 3d 46 (Miss. Ct. App. 2009), *reh'g denied* Dec. 1, 2009; *cert. denied* March 4, 2010. Ex. A to Answer [10-1].

Blakeney subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. Ex. B to Answer [10-2]. The Supreme Court also denied Blakeney's motion for rehearing. Ex. C to Answer [10-3]. Blakeney did not file a motion for post-conviction relief in state court. Blakeney filed the instant petition [1] for writ of habeas corpus on or about March 24, 2011, asserting the following ground for relief (as summarized by the court): Blakeney's confession was involuntary based on numerous alleged constitutional violations.[3]

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust,* 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate findings and conclusions of the Magistrate Judge, *Koetting v. Thompson,* 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission,* 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmund v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

---

[3]*See* Petition [1-1] at 1-3.  In addition, as Blakeney has made references in his petition to the sufficiency of the evidence, the court will address this issue as well.  *See infra*, pp. 10-12.

III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner has asserted four objections to the Magistrate's report: 1) "that the Magistrate Judge can not be fair and impartial;" 2) that witnesses that were used to testify to the credibility of Blakeney's confession, namely, Darrell Perkins, Matt Ishee, and James Grimes, were dishonest in there statements on the matter; 3) that Blakeney's confession was not voluntarily given; and 4) that Blakeney was "soley [sic] convicted on a coerced confession and very questionable and or circumstantial evidence…"

Petitioner's objection to the fairness of the Magistrate Judge is merely conclusory. If the Petitioner believes that a member of the Federal judiciary cannot be fair then a factual basis must be identified, and he has failed to do so. The Petitioner has not provided any facts or reasons to support his objection; therefore, this Court need not consider its merit.

Petitioner next objects to the credibility of the witnesses used to testify that Blakeney's confession was knowingly and voluntarily given. However, the Petitioner's objection is misplaced. The credibility of a witness is determined by a jury, not by this Court. "Unlike this Court, the jury observed the various witnesses and made assessments as to the credibility of each. The jury is at liberty to accept or reject the testimony of any witness..." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992).

After conducting a *de novo* review, the Court finds that the Petitioner's third and fourth objections also lack merit. This Court can only grant habeas corpus relief when the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Petitioner has not shown that the state court made an unreasonable application of federal law. While the Court has made an independent assessment of the evidence and applicable questions of

law and fact, it is not necessary to reiterate the findings and conclusions that are compatible with the Magistrate's report. *Koetting,* 995 F.3d at 40.

## IV.  CONCLUSION

As required by 28 U.S.C. § 63(b)(1) this Court has conducted an independent review of the entire record and a *de novo* of the matters raised by the objections. For the reasons set forth above, this Court concludes that Blakeney's objections lack merit and should be **overruled.** The Court further concludes that the Proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 63(b)(1) and that John Christopher Blakeney's claim is **dismissed with prejudice.** All other pending motions are denied as moot.

SO ORDERED this the 6th day of August, 2013.

*s/ Keith Starrett*

UNITED STATES DISTRICT JUDGE